UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COURTNEY ABLES | CIVIL ACTION |
| VERSUS | NO. 19-2783 |
| TIM DUCOTE | SECTION "R" (5) |

## ORDER AND REASONS

Courtney Ables petitions this Court to reconsider its previous order,[1] which denied Ables a writ of habeas corpus and a certificate of appealability under 28 U.S.C. § 2254.[2] The Government opposes the motion.[3] Because Ables reasserts arguments this Court has considered and rejected, the Court denies the motion.

## I.  DISCUSSION

The Federal Rules of Civil Procedure provide two avenues for habeas petitioners to seek reconsideration. Rule 59(e) provides that a petitioner may move to "alter or amend a judgment," so long as plaintiff moves "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule

---

[1] *See* R. Doc. 30.
[2] *See* R. Doc. 25.
[3] *See* R. Doc. 31.

60(b) likewise permits petitioners to seek reconsideration of a judgment, albeit under specific circumstances subject to distinct timing requirements. Fed. R. Civ. P. 60(b). Because Ables, moving *pro se*, does not specify which Rule he wishes to invoke, this Court evaluates Ables's motion under both Rule 59 and Rule 60.

### A.   RULE 59

Under Rule 59(e), Ables's motion is time-barred. Ables filed the motion to reconsider on May 4, 2020, more than twenty-eight days after this Court denied habeas relief and a certificate of appealability on February 5, 2020.[4] In addition, Ables, without a certificate of appealability, has appealed this Court's denial of habeas relief to the United States Court of Appeals for the Fifth Circuit,[5] where the matter is pending. Consequently, this Court lacks jurisdiction to evaluate any overlapping elements between the instant motion and the appeal before the Fifth Circuit. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 57 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

---

[4]   R. Doc. 24.
[5]   R. Doc. 28.

Even assuming that Ables's petition is properly before this Court, there are insufficient grounds to amend the judgment. To succeed on a Rule 59(e) motion, the petitioner must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

Ables's motion simply reasserts the same Fourth Amendment arguments this Court considered and rejected under *Stone v. Powell*, 428 U.S. 465 (1976). Ables does not assert, nor has there been, a change in controlling law. Because the petitioner received a full and fair hearing in the state courts with respect to his Fourth Amendment claims, this Court denies his motion under Rule 59(e).

## B. Rule 60(b)

For similar reasons, Ables does not succeed under Rule 60(b). Rule 60(b) provides that "[o]n a motion . . . the court may relieve a party . . . from a final judgment" for any one of the following six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Assuming that petitioner's motion is not time-barred under Rule 60(b),[6] his motion fails because it is a "second or successive" habeas petition, lacking authorization or merit. When a "Rule 60(b) motion advances one or more 'claims'" such as "a new ground for relief," or if it alleges "that the [federal] court erred in denying habeas relief on the merits," courts must

---

[6] The timing requirements in Rule 59(e) and Rule 60(b) are distinct. "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

4

treat the motion for reconsideration as a "second or successive habeas petition." *See Gonzalez v. Crosby*, 545 U.S. 524, 532-34 (2005). Here, Ables reasserts his substantive claims that state courts misapplied Fourth Amendment law, and he challenges this Court's judgment on the merits. This motion, styled as a "motion for reconsideration," falls squarely within the definition of a "second or successive" habeas petition.

Ables has not satisfied any of the applicable statutory requirements for a second or successive habeas petition. First, "[b]efore a second or successive application" can be filed, the applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). Ables has not moved in the court of appeals for this purpose.

Second, Ables must show that his "claim relies on a *new* rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2244(2)(A) (emphasis added). Or alternatively, Ables must show that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty." 28 U.S.C. § 2244(2)(B).

Ables has not so argued, and there is no basis to find that Ables satisfied either requirement of this paragraph.

## II.  CONCLUSION

For the foregoing reasons, petitioner's motion is denied.

New Orleans, Louisiana, this __9th__ day of July, 2020.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE